Filed 6/23/22  In re G.L. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In the matter of G.L., et al., Minors.<br>_____<br><br>SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>E.L.,<br><br>　　　Defendant and Appellant. | H049776<br>(Santa Clara County Super. Ct. Nos. 20JD026534 & 20JD026535) |

## THE COURT[1]

Appellant, E.L., mother of G.L. and M.L., appeals from an order issued after a February 2, 2022 selection and implementation hearing where the trial court appointed the maternal grandparents as the legal guardians for the children.  Respondent, Santa Clara County Department of Family and Children's Services (Department), and E.L. jointly move for a summary reversal of the order.  The parties agree that the trial court failed to comply with the Indian Child Welfare Act (ICWA), and request that we remand

_____

[1] Before Greenwood, P.J., Lie, J. and Wilson, J.

the matter to the trial court for the limited purpose of ensuring compliance with ICWA. We grant the motion and reverse the order pursuant to the stipulation of the parties.

## I. PROCEDURAL BACKGROUND

According to the Department's trial court filings, the maternal grandparents confirmed on July 27, 2020, that they had no Native American ancestry, stating they were from Mexico. E.L. also denied Indian ancestry for herself and stated she did not know about the children's father's ancestry during the course of the proceedings. However, at a hearing on October 5, 2021, E.L. stated she believed she had Indian ancestry but had not studied her family's history and did not know if they had ancestry in a tribe in California. She also stated that she and the children had never lived on a reservation, did not have tribal identification cards, and that the children had never been wards of a tribal court. Neither the court nor the Department investigated Indian ancestry further prior to the selection hearing. The Department failed to take advantage of several opportunities to ask the children's father about his heritage and failed to follow up with the maternal grandparents or other maternal relatives regarding E.L.'s disclosure of Indian ancestry in Mexico. Based on the evidence before it, in appointing the maternal grandparents as the legal guardians for the children, the court found that ICWA did not apply.

E.L. timely appealed this order. After E.L. filed her opening brief, the parties jointly moved for summary reversal.

## II. DISCUSSION

On appeal, E.L. contends that the trial court's order must be reversed and the matter remanded to the trial court because the court failed to ensure compliance with ICWA. She argues that the Department's failure to do further investigation about Indian ancestry violated ICWA. The Department concedes that the investigation was insufficient, and the parties agree that the juvenile court erred when it found that ICWA did not apply. They further agree that this court is likely to reverse the order on appeal. To minimize delay, they jointly request that this court reverse and remand the matter

2

pursuant to their stipulation for the limited purpose of allowing the Department to conduct a proper inquiry and send notice under ICWA as appropriate. (*In re N.D.* (2020) 46 Cal.App.5th 620, 624.)

The parties' joint motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment would place the parties in the same position they would be in if the appeal were successfully prosecuted to completion, would save both private and judicial resources because it would obviate the need for further briefing by the parties and review of the record by this court, and most importantly would minimize delay in permanency for the children. Both public policy and the public interest are served by these outcomes.

This court further finds that the parties' grounds for requesting reversal are reasonable. The parties agree that the Department's ICWA inquiry was deficient and that the trial court erred in finding ICWA did not apply without ensuring that the Department had completed a sufficient inquiry. They also agree that if after ensuring compliance, the court again finds that ICWA does not apply, the court can reinstate the prior selection and implementation order. These grounds for jointly requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties recognize and acknowledge errors and agree to resolve them with limited delay. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III.    DISPOSITION

The February 2, 2022, selection and implementation order is reversed pursuant to the stipulation of the parties. The matter is remanded to the trial court for the limited

3

purpose of determining compliance with ICWA.  If the court determines that the requirements of ICWA have been met, the court shall reinstate the order.  The remittitur shall issue forthwith.